

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-28-2007

# Fain v. Morgan

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1508

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation
"Fain v. Morgan" (2007). *2007 Decisions*. Paper 180.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/180

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-1508
_____

ANDRE FAIN,

                                    Appellant

v.

EVELYN MORGAN; JUDY M. GAGLIANO;
RUBY WASHINGTON; MR. COLAZZO;
THOMAS RENAHAN

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 06-cv-04404 )
District Judge:  Honorable Joel A. Pisano

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 15, 2007

Before: SLOVITER, BARRY and WEIS, <u>Circuit</u> <u>Judges</u>

(Opinion filed: November 28, 2007)

_____

OPINION
_____

PER CURIAM

    Appellant, Andre Fain, proceeding <u>pro</u> <u>se</u>, appeals from the District Court's orders

dismissing his complaint pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A and denying his

motion for reconsideration pursuant to Fed. R. Civ. P. 59(e). For the reasons that follow, we will vacate the District Court's orders and remand for further proceedings.

Fain filed a civil rights complaint pursuant to 42 U.S.C. § 1983, alleging that Appellees violated his due process rights by fabricating evidence and falsifying documents for use at his parole eligibility hearings, by relying on the fabricated evidence in denying his parole, and by intentionally concealing the fact that such evidence was used at his eligibility hearings. The District Court sua sponte dismissed Fain's complaint pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A for failure to state a claim upon which relief can be granted. Fain filed a motion for reconsideration, which the District Court also denied. Fain appeals.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. Our review of a district court's sua sponte dismissal of a complaint pursuant to § 1915(e)(2) is plenary. Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).

The District Court construed Fain's complaint as asserting that his due process rights were violated at his parole revocation hearing and concluded that Fain must raise his claims in a habeas petition because any challenge to the revocation of his parole would necessarily imply the invalidity of his confinement. See Heck v. Humphrey, 512 U.S. 477 (1994). Fain asserts, however, because his complaint is challenging the constitutionality of his parole review hearings, not the validity of his parole revocation hearing, his claims do not necessarily imply the invalidity of his confinement. We agree.

2

An inmate may file a § 1983 action for procedural challenges if the action would not necessarily spell immediate or speedier release for the prisoner. <u>Wilkinson v. Dotson</u>, 544 U.S. 74, 81 (2005). Fain's complaint is challenging the validity of his parole review hearings, not his parole revocation hearing. In his motion for reconsideration, Fain reiterates that, contrary to the District Court's interpretation, his complaint does not challenge the validity of his parole revocation hearing, which he concedes was proper.[1] Additionally, in his motion for reconsideration, Fain concedes that, even without the allegedly fabricated evidence, the Parole Review Board still could have denied him parole at his review hearing. We agree. The Parole Review Board bases its decision to grant or deny parole on numerous factors. <u>See</u> N.J. A.D.C. 10A:71-3.11. Accordingly, Fain's complaint does not necessarily imply the invalidity of his confinement and may be filed pursuant to § 1983. <u>See</u> <u>Wilkinson</u>, 544 U.S. at 81.

For the foregoing reason, we will vacate the District Court's orders and remand for further proceedings. Fain's motion for sanctions is denied. <u>See</u> <u>Martin v. Brown</u>, 63 F.3d 1252, 1265 (3d Cir. 1995).

3

---

[1] Even if the claims in Fain's complaint were unclear, the District Court should have informed Fain that he had leave to amend his complaint, especially in light of Fain's motion for reconsideration. <u>See</u> <u>Grayson v. Mayview State Hosp.</u>, 293 F.3d 103, 108 (3d Cir. 2002).